**Waseem DAKER, Plaintiff-Appellant,**

v.

**UNITED STATES of America, Clerk of Court, Defendants-Appellees.**

**No. 16-16716-A**

United States Court of Appeals,
Eleventh Circuit.

Date Filed: 03/03/2017

R. Brian Tanner, Edward J. Tarver, U.S. Attorney's Office, Savannah, GA, for Defendant-Appellee United States of America

Edward J. Tarver, U.S. Attorney's Office, Savannah, GA, for Defendant-Appellee Clerk of Court

Before: MARCUS and ROSENBAUM, Circuit Judges.

BY THE COURT:

This appeal is REMANDED IN FULL to the district court, pursuant to Federal Rule of Appellate Procedure 12.1, so that the district court may grant the relief described in its indicative ruling of January 4, 2017.

The district court dismissed Plaintiff-Appellant Waseem Daker's complaint. The dismissal was partly based upon the court's finding that Mr. Daker had not complied with a magistrate judge's July 25, 2016 order, which directed Mr. Daker to provide financial disclosures by a certain deadline, later extended to September 9, 2016. These disclosures were required in order to determine whether Mr. Daker was eligible to proceed *in forma pauperis*. Mr. Daker, however, argued more than once that he did provide the required disclosures before the deadline. Moreover, the financial statement that Mr. Daker filed was dated September 8, 2016, one day before the deadline. As such, the record is unclear whether the district court's premise—that Mr. Daker failed to comply with the magistrate's July 25 order—was correct.

After filing his notice of appeal, Mr. Daker moved the district court to vacate the judgment, arguing again that the court was mistaken in finding that he had failed

to file his financial disclosures on time. Upon consideration of the motion, the district court recognized its possible error. The district court therefore issued an indicative ruling, stating that if we remanded the case, it would grant Mr. Daker's motion and vacate the judgment based upon its possible misconstruction of the record. *See* Fed. R. Civ. P. 60(a) & 62.1.

Accordingly, we hereby remand this action to the district court, so that the district court will have jurisdiction to grant Mr. Daker's motion to vacate the judgment. *See* Fed. R. App. P. 12.1. Because there will no longer be a final order for us to review after the judgment is vacated, we decline to retain jurisdiction over the action.